# Exhibit 1

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "Agreement") is made by and between Ronald Brian Calhoun (the "Plaintiff"); and Arizona Public Service Company and Pinnacle West Capital Corporation (the "Defendants").

### RECITALS

A. Plaintiff filed a lawsuit in the United States District Court for the District of Arizona, *Calhoun v. Arizona Public Service Co.*, Case. No. CV-08221-PGR (the "Lawsuit"), asserting claims under the Fair Labor Standards Act ("FLSA").

B. Plaintiff is represented in this action by David N. Farren and Kraig J. Marton of Jaburg & Wilk P.C. Defendants are represented in this action by John F. Lomax, Jr. of Snell & Wilmer L.L.P. Plaintiff's and Defendants' counsel are experienced in FLSA matters.

C. From August 2009 to August 2010, Plaintiff was employed by Arizona Public Service Co. ("APS") as I/S Field Services Technician Lead. He alleges that Defendants owe him overtime pay for hours worked in excess of forty per week and demoted him in retaliation for asserting his rights under the FLSA. Plaintiff further alleges that he is entitled to recover unpaid overtime, lost wages, liquidated damages, punitive damages, compensatory damages, and attorneys' fees and costs.

D. Defendants deny Plaintiff's claims and any and all liability under the Lawsuit.

E. The parties to this Agreement desire to resolve the Lawsuit without the burdens, expense, and uncertainty of litigation.

F. The Plaintiff and Defendants participated in a voluntary mediation before a private mediator on December 21, 2012. They have reached a negotiated settlement conditioned on this Court's approval.

G. Plaintiff agrees that the settlement amount under this Agreement is fair and reasonable given the nature of his claims, the bona fide dispute as to those claims, and the services provided by counsel for Plaintiff.

### AGREEMENT

In consideration of the mutual covenants to be performed by the parties hereto, and set forth in their entirety herein, the parties to this Agreement agree as follows:

1. <u>Acknowledgements and Conditions to Becoming Effective</u>.

   a. Plaintiff and Defendants acknowledge and agree that the foregoing recitals are true and accurate.

b.     Plaintiff and Defendants acknowledge and agree that this Agreement is not effective and binding on the parties until the Court approves this Agreement and dismisses the Lawsuit with prejudice. The parties agree to file a joint motion with the Court seeking settlement approval within five (5) business days following the full execution of this Agreement. The parties agree that the joint motion will not be filed until the revocation period in Paragraph 4.b. has passed, with Plaintiff not revoking this Agreement. This Agreement shall become effective and binding on the date the Court enters such an order on its ECF (Electronic Case Filing) system ("Effective Date"). Plaintiff and Defendants further acknowledge and agree that if this condition is not satisfied, this Agreement shall be null and void, shall have no legal effect, and Plaintiff and Defendants shall resume the litigation of the Lawsuit *status quo ante*.

2.     Settlement Payments.

   a.     Compensation for Unpaid Wages.

      i.     Plaintiff shall receive a one-time payment from Defendants with fifteen (15) calendar days of the Effective Date of this Agreement to compensate Plaintiff for lost wages. The gross amount of Plaintiff's payment will be fifteen thousand dollars ($15,000.00), and all required withholdings and deductions shall be subtracted from the gross amount. Voluntary withholdings and deductions, such as contributions to any 401(k) and health and welfare plans, shall not be withheld from the gross amount identified.

      ii.    Plaintiff acknowledges that this payment satisfies in full all wages due to him from the Defendants and their respective subsidiaries, affiliated entities, directors, agents, officers, shareholders, members, owners, employees, attorneys, successors, and assigns (collectively, the "Released Parties").

   b.     Plaintiff shall receive an additional one-time payment from Defendants within fifteen (15) calendar days of the Effective Date of this Agreement to compensate Plaintiff for emotional distress. The gross amount of Plaintiff's payment will be ten thousand dollars ($10,000.00). Defendants shall issue a Form 1099 to Plaintiff for this payment. Plaintiff shall be individually and exclusively liable for payment of all federal, state, and local taxes, if any, that may be due as a result of the monetary consideration received by him pursuant to this Agreement. Plaintiff agrees that this payment shall not be included in Plaintiff's compensation for pension purposes.

   c.     Within fifteen (15) calendar days of the Effective Date of this Agreement, Defendants shall pay Jaburg & Wilk P.C. twenty thousand dollars ($20,000.00) which shall be for Plaintiff's attorneys' fees and costs in connection with the Lawsuit. Otherwise, each party to this Agreement shall bear its own costs, litigation expenses, expert witness fees, and attorneys' fees incurred in connection with the Lawsuit and the dispute between the parties. Jaburg & Wilk P.C. shall send a completed Form W-9 to Defendants' counsel before the issuance of the payment. Defendants shall issue a Form 1099 to Jaburg & Wilk P.C. for this payment.

   d.     Defendants shall pay the mediator's fee in connection with this matter.

3.      Non-Economic Relief.

   a.      Upon the Effective Date of this Agreement, Plaintiff shall become an I/S Field Services Tech Senior, earning an hourly pay that would annualize at $94,212.00 for a normal 40-hour work week. This transition will occur in connection with departmental organizational changes no later than February 28, 2013. Plaintiff understands and acknowledges that his employment will continue on an at-will basis.

   b.      Defendant APS shall remove from Plaintiff's personnel file all references to the August 2010 demotion.

   c.      Defendant APS shall make good faith efforts to assist Plaintiff in his career development, including recommending Plaintiff for participation in the Business Improvement University program.

   d.      Before assigning Plaintiff to work directly under APS employee Aaron Dudney, management of Defendant APS shall discuss this assignment with Plaintiff.

   e.      Defendants shall not retaliate or take other adverse action against Plaintiff as a result of Plaintiff bringing this lawsuit.

4.      Release.

   a.      General Release in Favor of Defendants.

By signing this Agreement, Plaintiff, individually and on behalf of his spouse, marital community, estate, heirs, administrators, executors, successors, and assigns hereby fully, finally, and forever releases and discharges the Defendants, their parent, subsidiary, and affiliated companies and their respective directors, officers, managers, shareholders, members, agents, employees, insureds, successors and assigns ("Released Parties") from any and all liabilities, charges, claims, demands, actions, damages, causes of action, and suits ("Claims") related to wages, overtime, premium pay, back pay, front pay, instatement, compensatory or punitive damages of any kind, including, but not limited to any Claims arising out of or related to his employment with APS, his work as I/S Field Services Technician Lead, or his demotion from the I/S Field Services Technician Lead position. This release of Claims includes all claims, known or unknown, accrued or not yet accrued, which Plaintiff may have against the Released Parties. This release specifically includes all Claims under the Fair Labor Standards Act. This release specifically includes all Claims for any type of damages or relief whatsoever, including, but not limited to, all Claims for: back pay, front pay, salary, overtime compensation, minimum wage, bonuses, incentive pay, premium pay, other compensation, other money damages, injunctive, declaratory, or other equitable relief, liquidated or statutory damages, compensatory damages, consequential damages, punitive or exemplary damages, attorneys' fees, costs, expenses, expert witness fees, interest, penalties, and any and all other claims for relief or damages.

By signing this agreement, Plaintiff agrees to fully waive all rights and release all claims without limitation, including but not limited to, any claim or other proceeding arising under the follow laws as amended:

- The Civil Rights Act of 1866;
- Title VII of the Civil Rights Act of 1964;
- The Sarbanes-Oxley Act;
- The Employment Retirement Income Security Act;
- The Americans with Disabilities Act;
- The Labor Management Relations Act;
- The Age Discrimination in Employment Act;
- The National Labor Relations Act;
- The Equal Pay Act;
- The Genetic Information Non-Discrimination Act;
- The Fair Labor Standards Act;
- The Fair Credit Reporting Act;
- The False Claims Act;
- The Family and Medical Leave Act of 1993;
- Uniformed Services Employment Reemployment Rights Act;
- The Workers' Adjustment Retraining Notification Act;
- The Lilly Ledbetter Fair Pay Act of 2009;
- The Arizona Civil Rights Act;
- The Arizona Employment Protection Act;
- The anti-retaliation provisions of the Arizona Workers' Compensation Act; and/or
- Any Arizona laws governing wages and hours (A.R.S. Title 23).

This release and waiver of all claims also extends to any and all claims under any applicable statute, law, regulation, executive order, constitution, or ordinance and any and all claims under common law including, but not limited to, claims for breach of express or implied contracts, promissory estoppel, restitution, interference with contract or business expectancies, wrongful demotion or termination, and all tort claims, including but not limited to, negligent or intentional infliction of emotional distress, negligence, defamation, fraud, misrepresentation, negligent misrepresentation, and negligent hiring or supervision, as well as any claims for attorneys' fees and/or other costs. Plaintiff understands that this list is not exhaustive and agrees that by signing this agreement he is waiving all rights and claims, regardless of whether they are included in the above list, however, this Release and Settlement shall have no bearing on or affect Plaintiff's right to unemployment benefits, workers' compensation, or claims to benefits under any ERISA plans.

  b.  <u>Release of Claims for Age Discrimination</u>. Without limiting the scope of paragraph 4(a) above, Plaintiff specifically acknowledges that he is waiving and releasing any rights and claims he may have under the Age Discrimination in Employment Act, as amended. Plaintiff also acknowledges that he is not waiving claims that arise after the execution of this Agreement and that the consideration he is receiving under this Agreement is in addition to anything of value to which he is already entitled. Plaintiff further affirms that he has been advised in writing that he should consult with counsel before signing this Agreement, that he has

been given up to twenty-one (21) days to consider and sign this Agreement, and, if he should execute it prior to the expiration of the 21-day consideration period, he knowingly waives his right to consider this Agreement for 21 days.

Plaintiff acknowledges that he may, for a period of seven (7) days following the execution of his Agreement, revoke acceptance thereof. This revocation must be done in writing and delivered via e-mail to Michael Mason at Michael.mason@pinnaclewest.com.

    c.    General Release in Favor of Plaintiff. Defendants, on behalf of themselves and their successors and assigns, hereby irrevocably and unconditionally release, acquit, forever discharge, and covenant not to sue Plaintiff and his agents, attorneys-in-fact, guardians, successors, assigns, heirs, executors, and administrators (collectively, "Plaintiff Releasees") from any and all claims, liabilities, obligations, agreements, causes of action, costs, losses, damages, and attorneys' fees and expenses whatsoever, whether known or unknown, accrued or not yet accrued, arising out of Plaintiff's employment with Defendants, through the execution date of this Agreement.

5.    Non-Publication. Plaintiff agrees not to, directly or indirectly, notify, discuss, promote, or publicize this Agreement and the amounts he received under it to anyone other than his attorneys of record or spouse. Plaintiff understands and agrees that to the extent that he tells his spouse, the spouse will agree to abide by this non-publication agreement.

6.    No Admissions. This Agreement does not constitute an admission by Defendants that Defendants violated any law or that any of Plaintiff's claims have any merit whatsoever. Defendants expressly deny that they violated any laws or breached any duties to Plaintiff.

7.    Successors and Assigns. The rights of the Released Parties under this Agreement shall inure to the benefit of their successors and assigns. The obligations of Plaintiff under this Agreement shall be binding upon Plaintiff and his heirs, executors, administrators, successors, and assigns and each of them, jointly and severally.

8.    Reporting Illegal Activity or Safety Concerns. Nothing in this Agreement shall be construed to prohibit Plaintiff from reporting or disclosing any suspected instance of illegal activity of any nature, any workplace safety concerns, or any public safety concerns to the US. Department of Labor ("DOL") or the U.S. Equal Employment Opportunity Commission ("EEOC"). This Agreement shall not be construed to prohibit Plaintiff from providing information to the DOL, U.S. Securities and Exchange Commission, Occupational Safety and Health Administration, or Arizona Division of Occupational Safety and Health, or testifying in any civil or criminal proceedings, even if such information or testimony provided relates to the claims or matters covered by this Agreement. This Agreement shall not be construed as a waiver or withdrawal of any safety concerns that Plaintiff has or may have reported to the DOL or withdrawal of Plaintiff's participation in any DOL proceedings relating to safety issues.

9.    Voluntary and Knowing. Plaintiff enters into this Agreement knowingly and voluntarily in exchange for the promises herein, and Defendants have made no other representations to induce or influence their execution of this Agreement. Plaintiff warrants that he has carefully

read and fully understands the provisions of this Agreement, including the release and waiver of claims.

10. Integration and Modification. This Agreement constitutes the entire agreement between the parties pertaining to the subject matter hereof, and supersedes any and all prior understandings, representations, warranties, and agreements between the parties pertaining to the subject matter hereof. The parties may modify this Agreement only in a writing signed by all parties.

11. Severability. If a court of competent jurisdiction determines that any provision of this Agreement is invalid, then that invalidity shall not affect other provisions or applications of this Agreement that can be given effect without the invalid provision or application.

12. Attorneys' Fees. If any party commences litigation with respect to this Agreement and if one or more party or parties clearly prevail in such litigation, then the prevailing party or parties shall be entitled to reimbursement from the non-prevailing party or parties of all reasonable legal fees and costs incurred in connection with such litigation.

13. Cooperation. The parties agree to cooperate fully, execute any supplementary documents, and take all additional actions that might be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

14. No Implied Waivers. A waiver by any party of any breach of any provision of this Agreement, or any party's decision not to invoke or enforce any right under this Agreement, will not be deemed a waiver of any right or subsequent breach, and all provisions of this Agreement will remain in effect.

15. Choice of Law and Forum. Except to the extent that federal law applies, Arizona law shall govern this Agreement in all respects, whether as to the validity, construction, capacity, performance, or otherwise. The federal district court in Maricopa County, Arizona, shall have exclusive jurisdiction over any actions that the parties may file to enforce the terms of this Agreement.

16. Counterparts. This Agreement may be executed in counterparts, and each executed counterpart shall have the efficacy of a signed original. The parties may use photographic or facsimile copies of such counterparts for any purpose.

**THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, KNOW AND UNDERSTAND THE CONTENTS OF THIS AGREEMENT, AND THAT THEY SIGNED THIS AGREEMENT VOLUNTARILY AND ON THEIR OWN FREE WILL.**

**Arizona Public Service Company**

*[signature: Lori Sundberg]*

Name
Title

Date: _____

**Pinnacle West Capital Corporation**

*Lori Sundberg*
Name Lori Sundberg
Title SVP, Human Resources + Ethics

Date: Jan 14, 2013

**Plaintiff**

*Ronald P Calhoun*
Ronald Brian Calhoun

Date: 1/10/13