IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Brian Calhoun, Jr.,<br><br>            Plaintiff,<br><br>v.<br><br>Arizona Public Service Company, an Arizona Corporation, and Pinnacle West Capital Corporation,<br><br>            Defendants. | Case No. 3:12-cv-08221-PGR<br><br>**ORDER** |

   Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and Dismiss Case With Prejudice. The Court grants the parties' motion.

   Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties request that this Court enter an Order that specifically approves the parties' Settlement Agreement. In *Lynn's Food Store,* the Eleventh Circuit held:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right

1

> to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover…for FLSA violations. When employees bring a private action…under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's*, 679 F.2d at 1352-53 (footnotes omitted).

Normally, the Court does not rule on a private settlement negotiated between parties. However, because Plaintiff filed a FLSA action against Defendants, the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement. *Id.*; *see also Hand v. Dionex Corp.*, 2007 U.S. Dist. LEXIS 87026, at *2-3 (D. Ariz. Nov. 13, 2007); *Rose v. Wildflower Bread Co.*, 2011 U.S. Dist. LEXIS 69953, at *3 (D. Ariz. June 29, 2011); *In re Sepracor, Inc. FLSA Litigation*, 2009 U.S. Dist. LEXIS 97791, at * 6 (D. Ariz. Oct. 8, 2009). The Court may approve the settlement if it reflects a "reasonable compromise over issues." *Lynn's Food Store*, 679 F.2d at 1354.

The Court has reviewed the proposed Settlement Agreement and finds that it does in fact reflect a fair and reasonable resolution of the issues. Defendants strongly contest liability under the FLSA, contending that Plaintiff was exempt and demoted for non-retaliatory reasons. Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Approve Settlement Agreement is granted and the lawsuit is dismissed with prejudice. The Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over wages owed pursuant to the Fair Labor Standards Act and, therefore, approves the settlement.

**IT IS FINALLY ORDERED** that the Court will retain jurisdiction over the parties to enforce the Settlement Agreement.

Dated this 16th day of January, 2013.

_____
Paul G. Rosenblatt
United States District Judge